UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL BRANDON TRUMP,

       Petitioner,                                         Case No.  1:08-CV-23

v.                                                          Hon. Robert J. Jonker

UNITED STATES ATTORNEY
GENERAL, et al.,

       Respondents.
_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 3) filed on February 4, 2008. Petitioner filed his Objection to the Report and Recommendation (docket # 4) on February 19, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

The Report and Recommendation recommends that Petitioner's habeas corpus petition be summarily denied. Petitioner objects. He argues that he is entitled to habeas relief because (1) attorneys licensed to practice law in Michigan are not properly licensed, (2) attorneys licensed to practice law in Michigan are improperly registered foreign agents under 22 U.S.C. §§ 611–12, and (3) Respondents' actions were taken on behalf of foreign corporate entities in violation of their oaths of office.

Petitioner's claims are legally frivolous. They are without any basis in law or fact. His account of legal licensure in Michigan is patently false. "License to practice law, the continuation of such license, regulation of the practice and the procedure for disbarment and discipline are all matters that are within the province of an individual state." *Saier v. State Bar of Michigan*, 293 F.2d 756, 759 (6th Cir. 1961). The Michigan Revised Judicature Act, MICH. COMP. LAWS §§ 600.901–949, governs "the creation of the office of

attorney, the regulation and control of the practice of law, [and] the procedure of disbarment" in Michigan. *Id.*

It is public record that all of the attorneys involved in Petitioner's conviction were properly licensed in Michigan. None of them is a foreign agent under 22 U.S.C. §§ 611–12.[1] And the State of Michigan is not a foreign principal or a foreign agent under those sections.[2]

Petitioner's frivolous claims do not entitle him to a certificate of appealability. Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). His argument is certainly creative, but it is devoid of merit. He cannot demonstrate that reasonable jurists can "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

---

[1] The individual Respondents are not "foreign principal[s]" because they are "citizen[s] of and domiciled within the United States." 22 U.S.C. § 611(b)(2). Moreover, they are not "agent[s] of a foreign principal" because they were not acting as or holding themselves out to be agents of (1) a government of a foreign country, (2) a person outside the United States, or (3) a partnership, association, corporation, organization, or other combination of persons organized under the laws of or with its principal place of business in a foreign country. *Id.* § 611(c).

[2] The State of Michigan is not a foreign country or political party; it is not a person outside of the United States; and it is not a partnership, association, corporation, organization, or other combination of persons "organized under the laws of or having its principal place of business in a foreign country." 22 U.S.C. § 611(b). Moreover, the State of Michigan is not an agent of any such "foreign principal," and it does not hold itself out to be one. *Id.* § 611(c).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed February 4, 2008, is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is DISMISSED because it is frivolous. A certificate of appealability is DENIED.


Dated:   March 12, 2008	/s/ Robert J. Jonker
	ROBERT J. JONKER
	UNITED STATES DISTRICT JUDGE